IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3:19-CR-250 |
| | : | |
| MARTIN EVERS | : | JUDGE MARIANI |
| | : | |
| | : | ELECTRONICALLY FILED |

### DEFENDANT MARTIN EVERS'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE ANY WITNESSES FROM TESTIFYING AS TO ULTIMATE LEGAL CONCLUSIONS OR LEGAL STANDARDS GOVERNING CASE

Patrick A. Casey
Frank J. Brier
Suzanne P. Conaboy
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503

Attorneys for Defendant,
Martin L. Evers, M.D.

# INTRODUCTION

The Government has charged Martin Evers, M.D. with two violations of 21 U.S.C. § 841(a)(1) based upon prescriptions written for a patient, "K.D." The charges subject Dr. Evers to a mandatory minimum sentence of 20-years imprisonment. Because there is no indicia that his treatment of K.D. was outside the usual course of professional practice and for no legitimate medical purpose, the Government must rely upon expert medical testimony. To date, the Government has produced the Report (the "Report") of Dr. Stephen Thomas. His Report includes impermissible opinions regarding the ultimate legal conclusion and legal standards governing the case.[1] Dr. Thomas and any other experts must be precluded from offering such improper testimony.

# PROCEDURAL HISTORY

On August 28, 2019, a two-count Indictment was entered against Dr. Evers. (ECF No. 1.) The Indictment charges Dr. Evers with a violation of 21 U.S.C. § 841(a)(1), Unlawful Distribution and Dispensing of a Controlled Substance, and a second violation of 21 U.S.C. § 841(a)(1), Unlawful Distribution and Dispensing of a Controlled Substance Resulting in Death. Both charges relate to patient K.D.

---

[1] A copy of Dr. Thomas's Opinion was filed under seal as Exhibit "A" to Defendant Martin Evers's Memorandum of Law in Support of Motion to Exclude Opinion and Testimony of Dr. Thomas.

On September 4, 2019, Dr. Evers was arraigned, entered a plea of not guilty and was released on his own recognizance. (ECF No. 8.) On October 4, 2019, Judge A. Richard Caputo issued an Order establishing a trial date and pretrial deadlines. (ECF No. 17.)

On March 11, 2020, a Verbal Order was issued by Chief Judge Christopher C. Conner reassigning this matter to Judge Robert D. Mariani. On June 15, 2020, Judge Mariani issued an Order establishing a pretrial motion deadline of July 23, 2020 with jury selection and trial to be scheduled after this deadline expiration. (ECF No. 50.)

## FACTUAL BACKGROUND

Dr. Evers is a 62-year old internal medicine physician. Dr. Evers was a "W-2" employee of Bon Secours Charity Health System from 2000 until the time of his Indictment. Prior to the Indictment, Dr. Evers never had any involvement with law enforcement.

Dr. Evers's treatment of K.D. started in approximately October 2012. K.D. had a complex medical history, including, but not limited to lumbago, syringomyelia, syrigobulbia, fibromyalgia, chronic headaches, seizures, a history of a Roux-en-Y gastric bypass, with multiple revisions, a craniotomy, and a laminectomy. As her primary care physician, Dr. Evers provided comprehensive

2

medical care to K.D. including, but not limited to, physical examinations, administration of vaccinations, and treatment for a variety of medical conditions.

On September 11, 2014, K.D. was found unresponsive by her mother in a recliner in their shared home.

## QUESTION INVOLVED

*Question presented*: Should all experts be precluded from offering opinions regarding the ultimate legal conclusions and legal standards governing this matter?

*Suggested Answer*: In the affirmative.

## ARGUMENT

Federal Rule of Evidence 704 permits experts to provide an opinion about the "ultimate issue" in a case. However, experts are *not* permitted to opine about the "ultimate legal conclusion or about the law or legal standards." *Patrick v. Moorman*, 536 Fed. App'x 255, 258 (3d Cir. 2013). The court "must ensure that an expert does not testify as to the law governing the case." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). Such testimony is precluded because it infringes upon the pivotal role of the court to explain the law to the jury. *Id.* (citing *First Nat'l State Bank v. Reliance Elec. Co.*, 558 F.2d 725, 731 (3d Cir. 1981) (*per curiam*)).

3

In *Patrick*, plaintiff asserted a claim pursuant to 42 U.S.C. § 1983 claim, alleging the use of excessive force by a deputy sheriff. 536 Fed. App'x at 255-56. The Third Circuit affirmed the district court's exclusion of an expert's opinion that the deputy sheriff's actions were "unreasonable," noting that in a Section 1983 claim, "'reasonableness' is practically interchangeable with 'excessiveness', so [the expert] might as well have opined that [deputy sheriff's] use of force was excessive." *Id*. at 258.

Here, Dr. Thomas improperly opined as to the ultimate legal conclusion and the legal standards governing this matter in his August 12, 2019 Opinion. 21 C.F.R. § 1306.04(a) provides that "[a] prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." Dr. Thomas improperly offers an opinion that "the prescribing of high-dose Methadone to a drug dependent individual, particularly one who has been rendered opioid-naïve, was not the provision of the prescription for medially [sic] legitimate purpose in the usual course of professional practice." (Report at 4-5.) Dr. Thomas therefore improperly offered an opinion as to the ultimate legal conclusion. This opinion and any testimony by Dr. Thomas or any other experts as to the "ultimate legal conclusion" or any legal standards "governing the case", including but not limited

4

to whether any prescription written by Dr. Evers was for a "legitimate medical purpose" or "in the usual course of professional practice" must be excluded.

## CONCLUSION

For all of the reasons set forth herein, testimony by any expert witness as to the ultimate legal conclusion or legal standards governing this matter must be excluded.

Respectfully submitted:

/s/ Patrick A. Casey
Patrick A. Casey
Frank J. Brier
Suzanne P. Conaboy

Attorneys for Defendant,
Martin Evers

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date: August 6, 2020

## CERTIFICATE OF SERVICE

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion To Preclude Any Witnesses From Testifying As To Ultimate Legal Conclusions or Legal Standards Governing Case was served upon the following counsel of record via the Court's ECF system on this 6th day of August 2020.

        Michelle L. Olshefski, Esquire
        U.S. Attorney's Office
        P.O. Box 309
        235 North Washington Avenue
        Scranton, PA 18501

        /s/ Patrick A. Casey