# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL NO. 3:19-CR-250 |
| v. | : (JUDGE MARIANI) |
| | : |
| MARTIN EVERS, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION
### I. INTRODUCTION

Here the Court considers Defendant's Motion to Dismiss All Charges in the Indictment (Doc. 53). The August 28, 2019, two-count Indictment charges Defendant with Unlawful Distribution and Dispensing of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and Unlawful Distribution and Dispensing of a Controlled Substance Resulting in Death and Serious Bodily Injury in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) These charges against Defendant, a medical doctor, are based on September 2, 2014, and September 9, 2014, prescriptions for controlled substances written for his patient "K.D.," a woman with an opioid addiction whom he had begun to treat in March 2013. (*Id.*) Defendant now asserts that 21 U.S.C. § 841(a)(1) and accompanying regulations "are unconstitutionally vague and the Indictment against him fails to provide him with a factual orientation sufficient to permit the defendant to prepare his defense." (Doc. 68 at 2.) For the reasons discussed below, the Court will deny Defendant's motion.

## II. ANALYSIS

Defendant's argument is twofold. First, he asserts that 21 U.S.C. § 841(a)(1) and accompanying regulations are void for vagueness as applied to Defendant. (Doc. 68 at 4.) Second, he contends that the Indictment is legally insufficient. (*Id.* at 6.) The Court will address each in turn.

### A. Void for Vagueness

Defendant maintains that 21 U.S.C. § 841(a)(1) and 21 C.F.R. § 1306.4(a) do not survive his vagueness challenge because they do not apprise a physician such as himself "that he may be prosecuted for prescribing controlled substances to treat a patient in pain if the patient has a history of a substance abuse disorder." (Doc. 68 at 6.) The Government responds that the statutory and regulatory provisions at issue are not vague or ambiguous and other circuits have specifically found that they are not unconstitutionally vague as applied to medical practitioners. (Doc. 85 at 17-21.)

21 U.S.C. § 841(a)(1) provides as follows:

> **(a) Unlawful acts**
>
> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
> **(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]

21 U.S.C. § 841(a)(1).

21 C.F.R. § 1306.04 addresses the "[p]urpose of issue of prescription" and provides that

2

> [a] prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of section 309 of the Act (21 U.S.C. 829) and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.

21 C.F.R. § 1306.04(a).

"The void for vagueness doctrine is concerned with a defendant's right to fair notice and adequate warning that his conduct runs afoul of the law." *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1077-78 (1991). In *Johnson v. United States*, the Supreme Court held that a statute is unconstitutionally vague only if "it fails to give ordinary people fair notice of the conduct it punishes," or is "so standardless that it invites arbitrary enforcement." 576 U.S. 591, 595 (2015).

A statute may be challenged as unconstitutionally vague on its face or as-applied, and the Third Circuit has explained that

> [t]he difference between the two is significant. "A party asserting a facial challenge 'must establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir.2011) (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). This is a particularly demanding standard and is the "most difficult challenge to mount successfully." *Salerno*, 481 U.S. at 745, 107 S.Ct. 2095. By contrast, "[a]n as-applied attack ... does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *United*

3

States v. Marcavage, 609 F.3d 264, 273 (3d Cir.2010).

Heffner v. Murphy, 745 F.3d 56, 65 (3d Cir. 2014).

As noted above, Defendant states that he challenges the provisions at issue "as applied." (Doc. 68 at 4.) Thus, the Court will focus on legal authority relevant to whether a provision is void for vagueness as-applied.

It is well-established that "[a] statute is void on vagueness grounds if it (1) 'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits'; or (2) authorizes or even encourages arbitrary and discriminatory enforcement.'" United States v. Stevens, 533 F.3d 218, 249 (3d Cir.2008) (quoting Hill v. Colorado, 530 U.S. 703, 732 (2000)); see also United States v. Fullmer, 584 F.3d 132, 152 (3d Cir. 2009) (citing Stevens, 533 F.3d at 249). The Circuit Court in Fullmer explained the parameters of a void for vagueness challenge:

> The inquiry is undertaken on a case-by-case basis, and a reviewing court must determine whether the statute is vague as-applied to the affected party. San Filippo v. Bongiovanni, 961 F.2d 1125, 1136 (3d Cir.1992). "In the criminal context, the Supreme Court has held that since vagueness attacks are based on lack of notice, 'they may be overcome in any specific case where reasonable persons would know their conduct puts [them] at risk' of punishment under the statute." Id. (quoting Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988) (alteration in original)). Therefore, for a criminal statute to be constitutional, "criminal statutes need only give 'fair warning' that certain conduct is prohibited." Id. (quoting Colten v. Kentucky, 407 U.S. 104, 110, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972)). "Simply because a criminal statute could have been written more precisely does not mean the statute as written is unconstitutionally vague." Id. (citing United States v. Powell, 423 U.S. 87, 94, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975)). In addition, the Supreme Court has held that scienter requirements in criminal statutes "alleviate vagueness concerns," because a mens rea element makes it less likely that a defendant will be

4

convicted for an action that he or she committed by mistake. *See, e.g., Gonzales v. Carhart,* 550 U.S. 124, 149, 127 S.Ct. 1610, 167 L.Ed.2d 480 (2007).

*Fullmer*, 584 F.3d at 152. In keeping with *Fullmer*, the district court in *United States v. Taylor*, 232 F. Supp. 3d 741, 754 (W.D. Pa. 2017), noted that a criminal defendant bears a heavy burden to demonstrate that a criminal statute is void for vagueness.

The parties cite numerous cases in which a void for vagueness challenge of the Controlled Substances Act has been unsuccessful. (Doc. 68 at 4 n.1 (citing *United States v. Collier*, 478 F.2d 268 (5th Cir. 1973) (finding 21 U.S.C. § 841(a)(1) not vague as applied to physicians); *United States v. Robinson*, 253 F. Supp. 3d 1 (D.D.C. 2017) (same); *United States v. Darji*, 609 F. App'x 140, 143 (4th Cir. 2012); Doc. 85 at 17-18 (citing *United States v. DeBoer*, 966 F.2d 1066, 1068-69) (6th Cir. 1992); *United States v. Collier*, 478 F.2d 268 (5th Cir. 1973); *United States v. McKay*, 715 F.3d 807, 824 (10th Cir. 2013) (finding the Controlled Substances Act ("CSA") is not unconstitutionally vague as applied to a pain management doctor); *United States v. DeBoer*, 966 F.2d 1066, 1068–69 (6th Cir. 1992) (denying a void-for-vagueness challenge to the CSA because a pharmacist's responsibilities giving rise to unlawful conduct was "clearly defined"); *United States v. Roya*, 574 F.2d 386, 390–91 (7th Cir. 1978) (rejecting an argument suggesting the CSA was unconstitutionally vague as applied to a defendant-physician); *United States v. Gerlay*, No. 3:09-CR-85, 2009 WL 4897748, at *7 (D. Alaska Dec. 11, 2009) (finding the CSA not void-for-vagueness either facially or as applied to a pain doctor); *United States v. Birbragher*, 576 F. Supp. 2d

5

1000, 1012–13 (N.D. Iowa 2008) (finding the CSA provides adequate notice of the proscribed conduct for physicians), *affirmed*, 603 F.3d 530 (8th Cir. 2010).

Similarly, courts have found that 21 C.F.R. § 1306.04 is not unconstitutionally vague. (*See* Doc. 85 at 18-21 (citing *United States v. Rosenberg*, 515 F.2d 190, 198 (9th Cir. 1975) (holding that the phrase "in the course of professional practice" within provision of CSA defining a practitioner authorized to prescribe controlled substances was not so vague as to deny due process); *United States v. Collier*, 478 F.2d 268, 271 (5th Cir. 1973) (holding that courts have interpreted this language easily since its inception, and this is convincing that it is not vague); *United States v. Boettjer*, 569 F.2d 1078, 1080 (9th Cir. 1978) (prescriptions not issued for legitimate medical purpose by practitioner acting in usual course of his professional practice, if knowingly or intentionally issued, may form predicate for practitioner's criminal liability); *United States v. Robinson*, 253 F. Supp. 3d 1, 3 (D.D.C. 2017) (statute prohibiting health care professionals from distributing or dispensing a controlled substance other than "for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice" was not unconstitutionally vague); *United States v. Prejean*, 429 F. Supp. 2d 782, 805 (E.D. La. 2006) (holding the phrases "legitimate medical purpose" and "professional practice" are not unconstitutionally vague)).)

In *United States v. Zielke*, No. CR 17-295, 2020 WL 758817, at *3 (W.D. Pa. Feb. 14, 2020), the court considered a void for vagueness challenge to § 841(a)(1) as applied to

the defendant, a medical professional.  After noting that the defendant conceded that every Court of Appeals and District Court to consider the issue of whether § 841(a)(1) is void for vagueness as applied to a medical professional has rejected the argument, *Zielke* commented that the Government had pointed to persuasive authority denying such challenges and the court's independent research did not uncover any cases in the defendant's favor but located additional decisions against his position.  *Id.* (citing *United States v. Clarkson*, No. 5:18-CR-00026, 2020 WL 564039, at *3 (S.D.W. Va. Feb. 4, 2020) ("the courts that have addressed the issue presented here have universally found that § 841(a)(1) is not unconstitutionally vague as applied to medical professionals.").  Based on the weight of authority finding that § 841(a)(1) is not void for vagueness as applied to medical professionals, the court stated it was "persuaded by the robust body of caselaw" and likewise held that § 841(a)(1) was not void for vagueness as applied to the defendant given his status as a medical professional.  2020 WL 758817, at *3.

As in *Zielke*, Defendant acknowledges that other courts have found that 21 U.S.C. § 841(a)(1) is not unconstitutionally vague.  (Doc. 68 at 4 n.1.)  Rather, Defendant states that the decisions of other courts are not binding on this Court and the determination must be specific as to whether the statute is vague as applied to Defendant.  (*Id.*)  While Defendant is correct on the effect of such authority, Defendant provides no basis for the Court to arrive at a conclusion which differs from the universal determination that § 841(a)(1) is not void for vagueness.  Defendant provides no authority to support his proposition that the provisions

7

at issue are unconstitutionally vague as applied to him. Defendant does not attempt to distinguish those circuit court and district court cases which have rejected a vagueness challenge to § 841(a) and 21 C.F.R. § 1306.04 by a medical professional. Notably, Defendant did not file a reply brief and provides nothing more than two conclusory statements that the provisions, as applied to him, are void for vagueness.

Defendant first asserts that the provisions at issue do not provide the required "objective criteria" which would put him on notice as to what constitutes a prescription that is not for "a legitimate medical purpose." (Doc. 68 at 6 (quoting *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 525 (1994)).) Putting aside that this is akin to a facial challenge that the law as written is unconstitutional, *Heffner*, 745 F.3d 65, Defendant's reliance on *Posters 'N' Things* is misplaced in that the Court addressed a void for vagueness challenge to a different provision, 21 U.S.C. § 857, and the Court did not, as Defendant asserts, state that a "statute *must* provide 'objective criteria' that will 'minimize the possibility of arbitrary enforcement and assist in defining the sphere of prohibited conduct under the statute.'" (Doc. 68 at 5 (quoting *Posters 'N' Things*, 511 U.S. at 526) (emphasis added).) Rather, the Court simply stated that § 857(e) set forth "objective criteria for assessing whether items constitute drug paraphernalia" which was a factor minimizing arbitrary enforcement and defining the prohibited sphere of conduct—the Court did not state that a statute *must* specifically contain such "objective criteria." *See* 511 U.S. at 525-26. In

other words, the Court made an observation about the statute at issue in the case and did not make a general pronouncement of broader mandatory application.

Defendant's argument is further undermined by cases which specifically consider the provision at issue here, 21 U.S.C. § 841(a)(1). In holding that § 841(a)(1) was not unconstitutionally vague as applied to a physician in *Collier*, the Court of Appeals for the Fifth Circuit specifically considered whether the regulatory phrase "in the course of professional conduct" was vague and held that it was not, stating that "statutes affecting medical practice need not delineate the precise circumstances constituting the bounds of permissible practice." 478 F.2d at 272. Although courts have recognized that prosecuting physicians under § 841 for actions taken as part of a pain management practice "may be a more difficult road than with other areas of medicine," *Gerlay*, 2009 WL 4897748, at *5, the principle that the lack of precise standards does not render the provision void for vagueness endures. *Id.* at *5-6 (citing *United States v. Prejean*, 429 F. Supp. 2d 782, 805 (E.D. La. 2006)).

Defendant also posits that the statutory and regulatory provisions do not apprise a physician such as himself "that he may be prosecuted for prescribing controlled substances to treat a patient in pain if the patient has a history of a substance abuse disorder." (Doc. 68 at 6.) His conclusion does not take into account that prosecution under § 841(a)(1) is based on prescribing a controlled substance where the prescribing activity falls outside the usual course of professional practice. *United States v. Moore*, 423 U.S. 122, 124 (1975); *see also*

9

*United States v. Tran Trong Cuong*, 18 F.3d 1132, 1137 (4th Cir. 1994) ("a criminal prosecution requires . . . proof beyond a reasonable doubt that the doctor was acting outside the bounds of professional medical practice"). Because a medical professional such as Defendant presumably knows what is outside the usual course of professional conduct in treating an opioid addicted individual for pain, the statutory and regulatory provisions, as applied to him, are not void for vagueness. Contrary to his statement of the issue, this is more than a case where Defendant is being prosecuted for prescribing controlled substances to treat a patient in pain when the patient had a *history* of substance abuse disorder. The Indictment charges that Defendant treated K.D. for approximately eighteen months before her death in September 2014, he knew that she suffered from an opioid addiction, and he continued to prescribe opioid medications to her despite knowing that she was *chronically* opioid dependent. (Doc. 1 ¶¶ 14-17.) Thus, Defendant has not shown that the statute, as applied to him in this case, *see San Filippo v. Bongiovanni,* 961 F.2d at 1136, is constitutionally vague.

## B. Sufficiency of Indictment

Defendant maintains that the indictment against him "fails to provide sufficient factual orientation to permit him to prepare his defense." (Doc. 68 at 8.) He also contends that words of the statute, in and of themselves, fail to "'fully, directly, and expressly, without any uncertainly or ambiguity, set forth all of the elements necessary to constitute the offense intended to be punished.'" (*Id.* (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir

2007)). The Government responds that the Indictment satisfies Rule 7 of the Federal Rules of Criminal Procedure and the Third Circuit Court's interpretation of the rule's requirements. (Doc. 85 at 21-23.)

In *United States v. Bergrin*, 650 F.3d 257 (3d Cir. 2011), the Court of Appeals for the Third Circuit specifically "set forth the requirements of a well-pleaded indictment and the rules governing a district Court's review of a motion to dismiss." *Id.* at 264. As to the requirements for a federal indictment, the Circuit Court explained that

> Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Supreme Court has explained that "the Federal Rules 'were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure.' ... While detailed allegations might well have been required under common-law pleading rules, ... they surely are not contemplated by Rule 7(c)(1)." *United States v. Resendiz–Ponce*, 549 U.S. 102, 110, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007) (citations omitted) (quoting *United States v. Debrow*, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953)). Likewise, we have held:
>
>> [A]n indictment [is] sufficient so long as it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Vitillo*, 490 F.3d 314 (3d Cir.2007) (internal quotation marks omitted). Moreover, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir.1989).
>
> *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir.2007).

*Bergrin*, 650 F.3d at 264.

> Regarding the district court's review of a motion to dismiss, *Bergrin* stated that
>
> > [t]o determine whether an indictment "contains the elements of the offense intended to be charged," a district court may look for more than a mere "recit[ation] in general terms [of] the essential elements of the offense." *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir.2002). A district court must find that "a charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Id.; see also United States v. Schiff*, 602 F.3d 152, 162–66 (3d Cir.2010) (indictment alleging "failure to rectify misstatements of others" does not, as a matter of law, state an offense under securities statute that criminalizes omissions of information); *Gov't of the V.I v. Greenidge*, 600 F.2d 437, 438–40 (3d Cir.1979) (indictment alleging assault on male companion of a rape victim does not, as a matter of law, state an offense under statute that criminalizes assaulting a rape victim).
>
> > A ruling on a motion to dismiss is not, however, "a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir.2000) (citations omitted). "Evidentiary questions"—such as credibility determinations and the weighing of proof—"should not be determined at th[is] stage." *United States v. Gallagher*, 602 F.2d 1139, 1142 (3d Cir.1979). Rather, "[i]n considering a defense motion to dismiss an indictment, the district court [must] accept[ ] as true the factual allegations set forth in the indictment." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir.1990) (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n. 16, 72 S.Ct. 329, 96 L.Ed. 367 (1952)).

*Bergrin*, 650 F.3d at 264–65.

Applying these principles to the Indictment in this case, the statutory and regulatory language is included in the Indictment. (Doc. 1 ¶¶ 7-11.) Further, the Indictment contains "sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution," *Rankin*, 870 F.2d at 112, in that the factual circumstances giving rise to the charges are identified by date, time, and conduct

alleged to violate the law. (Doc. 1 ¶¶ 14-17, 19 & pp. 6, 7.) Finally, as set out by the Government, and unrefuted by Defendant, "the indictment specifically contains the elements of the offense charged, i.e., (1) the defendant knowingly and intentionally; (2) distributed and dispensed; (3) a controlled substance; (4) outside the usual course of professional practice and not for legitimate medical purposes; (5) and serious bodily injury and death resulted." (Doc. 85 at 25.)

In this section of his brief, Defendant compares the factual assertions contained in the *Zielke* indictment with his Indictment and again takes issue with the wording of the statute. (Doc. 68 at 7-8.) This comparison is unavailing in that the fact that *Zielke* arguably did more than what is required of a well-pleaded indictment does not indicate a deficiency here. The foregoing review of the Indictment undermines Defendant's statement that the "Indictment fails . . . to provide [him] with a sufficient factual orientation of the conduct he is alleged to have committed in violation of 21 U.S.C. § 841(a)(1) to enable him to prepare a defense." The assertion is further discounted by the vigorous motion practice in which Defendant has engaged and the numerous detailed and specific arguments he has raised in the pretrial motions filed. (*See* Docs. 53-59.)

### III. CONCLUSION

For the reasons discussed above, the Court will deny Defendant's Motion to Dismiss

13

All Charges in the Indictment (Doc. 53). A separate Order is filed simultaneously with this Memorandum Opinion.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge