THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL NO. 3:19-CR-250 |
| v. | : (JUDGE MARIANI) |
| | : |
| MARTIN EVERS, | : |
| | : |
| Defendant. | : |

### ORDER

The background of this Order is as follows:

Here the Court considers Defendant's Motion to Preclude Government from Eliciting Testimony from Non-qualified witnesses (Doc. 56). In the underlying case, Defendant is charged in the August 28, 2019, two-count Indictment with Unlawful Distribution and Dispensing of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and Unlawful Distribution and Dispensing of a Controlled Substance Resulting in Death and Serious Bodily Injury in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) These charges against Defendant, a medical doctor, are based on September 2, 2014, and September 9, 2014, prescriptions for controlled substances written for his patient "K.D.," a woman with an opioid addiction whom he had begun to treat in March 2013. (*Id.*)

With this motion, Defendant requests that the Court "exclude all expert opinion and testimony regarding any medical standards of care and/or medical causation from unqualified witnesses." (Doc. 56 at 6.) In his supporting brief, he asks the Court to "preclude the Government from offering expert testimony regarding any medical standards

of care and/or medical causation from unqualified witnesses." (Doc. 67 at 8-9.) Defendant's supporting brief focuses on the admissibility of expert testimony generally under Federal Rule of Evidence 702 and relevant caselaw, the requirements for an expert to testify as to the standard of care for a physician, the need to lay a proper foundation for expert testimony pursuant to Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 137 (1999), and the Government's allegedly improperly admitted expert testimony in *United States v. Fuhai Li*, 3:16-CR-194, where a physician was charged with a violation of the Controlled Substances Act and the Government elicited testimony from a pharmacist that Dr. Li's prescriptions were outside the usual course of professional conduct and for no legitimate medical purposes. (Doc. 67 at 5-8.) However, in his reply brief (Doc. 109), Defendant contends that he "seeks not only to preclude the Government from offering improper testimony through witnesses disclosed as experts who do not possess the requisite qualifications, but also from fact witnesses who are unqualified to opine as to the medical standard of care." (*Id.* at 2.)

As an initial matter, the Court does not read Defendant's motion and supporting brief to seek exclusion of testimony from "fact witnesses who are unqualified to opine as to the medical standard of care" (*id.*). (*See* Doc. 56 at 6; Doc. 67 at 8-9.) The Court generally does not consider arguments raised for the first time in a reply brief. *United States v. Jacome*, 3:17-CR-205, 2020 WL 3052866, at *3 n.1 (M.D. Pa. June 8, 2020). However, assuming *arguendo* that Defendant raised this issue in his opening brief and seeks to

2

exclude the testimony as improper Opinion Testimony of a Lay Witness pursuant to Rule 701, the Court would not grant the relief requested because the Court discourages a request for an advisory opinion based on hypothetical facts. Here, Defendant's filings contain no case-specific content as to testimony of any fact witness. A motion asking the Court to follow the law without any case-specific factual content to which to apply the law is not helpful to the parties and runs counter to the goals of administrative and judicial efficiency.

Defendant's motion as to expert witnesses provides more factual content but suffers from the same deficiencies identified above regarding fact witnesses in that the factual content relates to a different case, *United States v. Fuhai Li*, 3:16-CR-194. Again, Defendant is essentially asking the Court to follow the law *if* an issue arises as to the qualification of an expert and the allowable scope of the expert's testimony. The Court will make a ruling on such issues if they are raised in a fact-specific context which allows the Court to apply law to fact. Because Federal Rule of Criminal Procedure 16(a)(1)(G) sets out the disclosure requirements for expert witnesses, should additional expert witnesses be identified by the Government, Defendant will have ample opportunity before and during trial to raise factual rather than speculative concerns. Thus, while the Court agrees with Defendant's reliance on Federal Rule of Evidence 702 which addresses "Testimony by Expert Witness" and the Third Circuit caselaw regarding the admissibility of expert testimony generally and in a case where the standard of care for a physician or medical

causation was at issue (Doc. 67 at 5-7 (quoting *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396 (3d Cir. 2003); citing *In re TMI Litig.*, 193 F.3d 613, 680 (3d Cir. 1999)), the Court will not further comment on the applicable law in a vacuum.

**ACCORDINGLY, THIS** 11th **DAY OF MAY 2021, IT IS HEREBY ORDERED THAT** the Motion to Preclude Government from Eliciting Testimony from Non-qualified witnesses (Doc. 56) is **DENIED**.

Robert D. Mariani
United States District Judge