# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL NO. 3:19-CR-250 |
| v. | : (JUDGE MARIANI) |
| | : |
| MARTIN EVERS, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION
### I. INTRODUCTION

Here the Court considers Defendant's Motion for Discovery of Expert Information (Doc. 58). In the underlying case, Defendant is charged in the August 28, 2019, two-count Indictment with Unlawful Distribution and Dispensing of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and Unlawful Distribution and Dispensing of a Controlled Substance Resulting in Death and Serious Bodily Injury in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) These charges against Defendant, a medical doctor, are based on September 2, 2014, and September 9, 2014, prescriptions for controlled substances written for his patient "K.D.," a woman with an opioid addiction whom he had begun to treat in March 2013. (*Id.*) For the reasons discussed below, the Court will deny the motion without prejudice.

### II. ANALYSIS

With this motion, Defendant requests that the Court order the production of the following information concerning the Government's expert, Stephen M. Thomas, M.D., and Pain & Disability Management Consultants, P.C.:

(a) All opinions.

(b) All bases and reasons for the opinions.

(c) Any exhibits used to summarize the opinions.

(d) Any exhibits used to support the opinions.

(e) A list of publications authored by the witness within the preceding ten years.

(f) The compensation for the study of the case.

(g) The compensation for the testimony in the case.

(h) A listing of any other cases in which the witness has testifies as an expert at trial within the preceding four years.

(i) A listing of any other cases in which the witness has testified as an expert by deposition within the preceding four years.

(Doc. 58 ¶ 11 (citing *United States v. Mehta*, 236 F. Supp. 2d 150, 155 (D. Mass. 2002)).)

Defendant sets out the same list and citation in his supporting brief. (Doc. 70 at 5-6.) He asserts that Dr. Thomas's "previous testimony and opinions regarding prescribing practices and the standard of practice of medicine in treating patients is relevant evidence . . . which is subject to impeachment . . . at the time Dr. Thomas[] testifies in the above-captioned matter." (Doc. 70 at 7.) He maintains that "[t]he monies generated by Dr. Thomas in exchange for his testimony are relevant and material to the jury's evaluation of his bias and truthfulness. (*Id.* (citing *Giglio v. United States,* 405 U.S. 150 (1972)).) Defendant also points to Fifth and Sixth Amendment rights to the information requested, particularly the financial information. (*Id.*) Finally, Defendant states that he seeks "all

2

information, test results, underlying data, the bases of the witness's opinions, and the qualifications of the expert witness as provided in Federal Rule of Criminal Procedure 16(a)(1)(E)(i-iii), (F)(i-iii), and G." (Doc. 70 at 7.)

The Government responds that there is no authority to support the Defendant's requests, they far exceed the Government's obligations in a criminal case, they are public records accessible to Defendant, and the discovery is not in the custody or control of the Government. (Doc. 90 at 1.) The Government also sets out its responsibilities for the production of documents under the Jencks Act, 18 U.S.C. § 2005, and asserts that production now requested is not contemplated under the Act. (*Id.* at 4-12.)

Discovery in a criminal case is governed by Rule 16 of the Federal Rules of Criminal Procedure which delineates the categories of information to which defendants are entitled in pretrial discovery with some additional material being discoverable in accordance with the Jencks Act, 18 U.S.C. § 3500. While discovery sought by the defendant under Rule 16 is to be provided upon the defendant's request, Fed. R. Crim. P. 16(a)(1), the Jencks Act identifies a later time for production of the material at issue:

> [a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(b).

3

Independent of the government's obligations under Rule 16, the Supreme Court has also determined that a criminal defendant is entitled to other material pursuant to the Due Process Clause of the Constitution. *Brady v. Maryland*, 373 U.S. 83 (1963), identified a duty on the part of the Government under the Due Process Clause to ensure that criminal trials are fair by disclosing evidence favorable to the defendant so long as it is "material either to guilt or punishment." *Id.* at 87. The Supreme Court extended the *Brady* rule when it decided *Giglio v. United States*, 405 U.S. 150 (1972), requiring the government to disclose evidence that goes to the credibility of prosecution witnesses. As explained by the Third Circuit, this evidence is referred to "as *Giglio* material, [and] is a subset of *Brady* material insofar as it addresses situations in which certain evidence about a witness's credibility or motivation to testify exists, and where 'the reliability of a given witness may well be determinative of guilt or innocence.'" *United States v. Maury*, 695 F.3d 227, 249 (3d Cir. 2012) (quoting *Giglio,* 405 U.S. at 154).

Although *Giglio* material is a subset *Brady* material, the time for disclosure differs. While *Brady* evidence must be turned over "in time for its effective use at trial," *Giglio* material need not be produced prior to trial. *United States v. Higgs,* 713 F.2d 39, 44 (3d Cir.1983) (holding that a defendant's due process rights are satisfied as long as evidence pertaining to Government witness credibility is produced the day of their testimony). A panel of the Third Circuit addressed this issue in *United States v. Bashir,* 738 F. App'x 743 (3d Cir. 2018) (not precedential):

4

> Under *Brady*, a prosecutor is required to disclose evidence favorable to a defendant that is material to guilt or punishment. [*United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006)]. The obligation to disclose such "*Brady* material" is "not based on any general constitutional right to discovery in criminal cases, but rather on a defendant's due process right to a fair trial." *Higgs*, 713 F.2d at 42. "Because *Brady* rests on the requirements of due process, our focus [is] on when disclosure is necessary to insure [the defendant] a fair trial." *Id.* at 43. "To constitute a *Brady* violation, the nondisclosure must do more than impede the defendant's ability to prepare for trial; it must adversely affect the court's ability to reach a just conclusion, to the prejudice of the defendant." [*United States v. Starusko*, 729 F.2d 256, 262 (3d Cir. 1984)]. "No denial of due process occurs if *Brady* material is disclosed to [the defendant] in time for its effective use at trial." *Higgs*, 713 F.2d at 44.
>
> Under *Giglio*, the prosecution must disclose "information that [the defendant] could use on cross-examination to challenge the credibility of government witnesses," and a defendant's "right to a fair trial will be fully protected if disclosure [of such material] is made the day that the witness testifies," because "[d]isclosure at that time will fully allow [the defendant] to effectively use that information to challenge the veracity of the government's witnesses." *Higgs*, 713 F.2d at 44. Thus, a defendant's "due process rights to a fair trial would be satisfied ... as long as disclosure is made the day that the government witnesses are scheduled to testify in court." *Id.*

738 F. App'x at 748–49. These minimal constitutional requirements do not prohibit a district court from setting a time, pretrial, for the disclosure of *Giglio* material: a district court "within its discretion, may order [*Giglio*] disclosure to ensure the effective administration of the criminal justice system." *Higgs*, 713 F.2d at 44 n.6; *see also Starusko*, 729 F.3d at 261.

Given the relevant legal framework, the Court will deny Defendant's motion. Defendant's requests are premature to the extent they relate to *Giglio* or Jencks Act material. Moreover, Defendant's requests are too broad and too vague for the Court to evaluate with any precision. Defendant's failure to cite relevant legal authority compelling

5

the immediate production of materials requested is a further impediment to the proper evaluation of his asserted right to production.

Defendant's citation to *Mehta*, without supporting argument or parenthetical information (Doc. 70 at 6), is unavailing in that the case appears to be totally inapposite to the matters at hand—*Mehta* addressed the *defendant's* discovery disclosures under Federal Rule of Criminal Procedure 16(b)(1)(C) and commented generally on the differences between the criminal and civil discovery rules as to experts. Regarding expert witnesses, *Mehta* stated that the criminal rule, Rule 16(a)(1)(E) (the government's obligations) and (b)(1)(C) (the defendant's obligations) "requires reciprocal disclosure of three types of information: (1) the expert witnesses' opinions, (2) the bases for those opinions, and (3) the expert's qualifications. *Mehta*, 236 F. Supp. 2d at 155 (citing *United States v. Yoon,* 128 F.3d 515, 526 (7th Cir.1997)). The District Court then compared the requirements of the criminal rule with Federal Rule of Civil Procedure 26(a)(2):

> [w]hile Fed. R. Civ. P. 26(a)(2) requires a "complete statement" of the expert's opinion, the criminal rule requires only a "summary of testimony." Civil Rule 26(a)(2) additionally requires the disclosure of: "all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness informing the opinions; any exhibits to be used as a summary or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witnesses within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years." Moreover, the civil rules allow further discovery through interrogatories and depositions; there is no such avenue under the criminal rules.

236 F. Supp. 2d at 155. While Defendant now seeks production more properly sought under Federal Rule of Civil Procedure 26(a)(2), *Mehta's distinction* of the criminal and civil provisions does not support such a request.

Similarly, Defendant's citation to *Giglio* and his references to the Fifth and Sixth Amendments (Doc. 70 at 7) do not provide support for his delineated requests in that the supporting brief is devoid of analysis as to how these provisions entitle Defendant to the discovery requested. The lack of detailed information and legal argument regarding production of "all information, test results, underlying data, the basis of the witness's opinions, and the qualifications of the expert witness as provided in Fed. R, Crim. P. 16(a)(1)(E)(i-iii), (F)(i-iii), and (G)" renders the request likewise deficient.

Based on the parties' briefing, the Court cannot determine if there is any consensus on issues raised in the motion. The Government did not respond to Defendant's assertion that certain delineated information is requested as impeachment material; Defendant did not respond to the Government's assertions regarding Jencks Act material. Notwithstanding these briefing deficiencies, the Court assumes the parties' familiarity with the discovery framework set out above and their good faith adherence to these principles going forward. More specifically, the Court has no basis to believe that the Government will not honor the ongoing nature of certain obligations set out in Federal Rule of Criminal Procedure 16. Similarly, although the Government does not address *Giglio* material in its brief, the Court assumes that the Government is well-aware of its production obligations under *Giglio* and its

progeny and will strictly adhere to those principles.[1] To facilitate efficient cross-examination of witnesses at trial, to the extent *Giglio* material exists, the Court will order disclosure of that material pretrial.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion for Discovery of Expert Information (Doc. 58). However, based on the Government's disclosure obligations under *Giglio* and Federal Rule of Criminal Procedure 16, the Court will deny the motion without prejudice. Defendant should confer with the Government to determine if there is any specific information to which he is currently entitled that he has not received. If there are any disputes about such information which the parties are unable to resolve, Defendant may raise those specific issues in another motion, identifying the information that has not been produced and citing legal authority to support his position that it should be immediately disclosed. A separate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge

---

[1] In discerning the existence of *Giglio* material, the Government must keep in mind the principle of constructive possession: with respect to *Giglio* material, "prosecutors have 'a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case.'" *Risha*, 445 F.3d at 303 (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)).