THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL NO. 3:19-CR-250 |
| v. | : (JUDGE MARIANI) |
| | : |
| MARTIN EVERS, | : |
| | : |
| Defendant. | : |

FILED
SCRANTON

NOV 07 2022

PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

The Government's Motion in Limine to Preclude Evidence of Defendant's "Good Care" to Uncharged Patients and Any Self-Serving Hearsay Statements (Doc. 196) is pending before the Court. With the Motion, the Government seeks to preclude Defendant from introducing three categories of evidence: 1) evidence that he provided legitimate medical care to patients who do not form the basis of any charge in the Superseding Indictment (Doc. 176); 2) evidence that some patients believe that Defendant "provided good care to them, i.e., within the scope of professional medical practice and for legitimate medical purposes"; and 3) self-serving hearsay statements that Defendant may have made to others. (Doc. 196 at 1-2.) Defendant responds that the Government's Motion should be denied as premature because a bar of the categories of evidence identified should not be made in the absence of context. (Doc. 215 at 2.) For the reasons that follow, the Court will defer the Motion in part and grant it in part.

## I. MOTION IN LIMINE STANDARD

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of

questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

## II. ANALYSIS

### A. "Good Care" Evidence

A review of the parties' filings indicates that the admission of evidence related to Defendant's "good care" presents issues which are best decided in the context of trial when and if either party seeks the admission of such evidence. While the Government asserts that the evidence of "good care" should be precluded pursuant to Federal Rules of Evidence 401, 402, 404, and 405, the Government has not clearly articulated whether it intends to introduce evidence related to the care of any of Defendant's patients who are not named in the Superseding Indictment.[1] Defendant has not proffered with specificity what, if any, good-care evidence it intends to present. Therefore, this is a situation where the Court is being asked to preclude a broad class of evidence on all potential grounds and the context of trial will provide clarity as to the specific evidence at issue and the purpose for which it is offered.

---

[1] In response to Defendant Martin Evers's Motion in Limine to Preclude the Government from Introducing Evidence Related to Uncharged Patients (Doc. 198), the Government provides more information on this issue by identifying scenarios in which it would present evidence related to uncharged patients. (Doc. 198.) A review of that Motion and supporting briefs (Docs. 198, 199, 219) bolsters the Court's conclusion that the current motion as it pertains to "good care" requests the Court to preclude a broad category of evidence in a vacuum.

However, in deferring a ruling on these matters, the Court notes its agreement with certain general principles related to the admission of evidence regarding patients not identified in the Superseding Indictment.

Evidence related to the care Defendant provided to his patients outside the conduct charged, i.e., care provided to patients other than the three individuals identified in the Superseding Indictment, is generally irrelevant based on the relevancy principles of Federal Rules of Evidence 401 and 402.

The Fourth Circuit's decision in *United States v. Ifediba*, 46 F.4th 1225, 1238 (4th Cir. 2022), is persuasive on the issue of whether evidence showing that a physician provided legitimate medical care to some patients was admissible pursuant to Federal Rule of Evidence 404(a)(1) which provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." In *Infedeba*, the Circuit Court agreed with the District Court's determination that good-care evidence was properly excluded as inadmissible character evidence because it was "merely an attempt to portray [the defendant] as a person of good character by pointing to his prior good acts." *Id.* (citing *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991). In *United States v. Hayes*, 219 F. App'x 114 (3d Cir. 2007) (not precedential), a panel of the Third Circuit agreed with the analysis set out in *Camejo*:

> The defendants in *Camejo* were charged with conspiracy to smuggle cocaine from Colombia to Miami onboard commercial flights. *Camejo,* 929 F.2d at 612. During the trial, one defendant called a witness to testify that the defendant refused an offer to become involved with a drug distribution ring the witness

4

> had organized during the same time frame as the charged cocaine conspiracy. *Id.* The court found the evidence inadmissible, stating [e]vidence of good conduct is not admissible to negate criminal intent." *Id.* at 613. The court also reasoned that the evidence was irrelevant to the charges against the defendant under Rule 404(b). The court correctly explained that the "proffered testimony was merely an attempt to portray [the defendant] as [having] good character through the use of prior 'good acts.' " *Id.* at 613.

*Hayes*, 219 F. App'x at 119.[2]

In sum, while the Court finds it highly unlikely that evidence of Dr. Evers' good care to patients who did not form the basis of any charge in the Superseding Indictment would be admissible, the Court will not rule before trial that this broad category of evidence is inadmissible for any possible purpose. The Court finds the reasoning in *Ifedeba* to be highly persuasive and the parties should expect that the Court will apply *Ifedeba* in determining evidentiary issues related to the admission of good care evidence at trial. However, because the Court is also of the view that the substance of a specific issue related to the admission of good care evidence must be considered individually in the context in which it arises at trial, the Court will defer ruling on Defendant's Motion insofar as it relates to good care evidence.

---

[2] Though *Hayes* agreed with *Camejo's* analysis, the Circuit panel found the facts distinguishable:

> the disputed evidence in *Camejo* was wholly unrelated to the charged conspiracy and therefore irrelevant to the defendant's criminal intent *vis á vis* the charges at issue. Here, the principal issue is whether Hayes was part of a company-wide, top-down conspiracy to falsify test results. His directives and statements to subordinates in various regions regarding the company's policy on testing was relevant to his intent and involvement in that conspiracy.

*Hayes*, 219 F. App'x at 119.

5

## B. Self-Serving Hearsay

The Government also asserts that the Court should exclude any self-serving hearsay statements that Defendant may seek to offer without submitting to cross-examination. (Doc. 197 at 16.) The Government anticipates that Defendant "may seek to elicit from witnesses, or in argument, self-serving statements that [Dr. Evers] may have made, whether to patients, pharmacists, or experts about his medical treatment or practices." (*Id.* at 17.) In anticipation of the attempt to introduce such evidence, the Government argues that "[t]he law is clear . . . that a defendant cannot elicit his or her own self-serving hearsay statements, whether through direct or cross-examination. Rather, he or she may only introduce such statements by taking the stand and testifying as to his or her own statements." (*Id.*)

Federal Rule of Evidence 801(d)(2) provides five instances in which an opposing party's statements are not hearsay and in each instance the statement, whether made by the opposing party or another specified in the rule, must be "a statement . . . offered *against* an opposing party." Fed. R. Evid. 801(d)(2) (emphasis added). The Court agrees with Defendant that, pursuant to this rule,

> [a] defendant cannot elicit his or her own self-serving statements, offered in support of himself or herself, without taking the stand and submitting to cross-examination. *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (while admissions by a party opponent are not considered hearsay and therefore can be admitted against that party under Fed. R. Evid. 801(d)(2), the Rules do not permit admission of self-serving statements made by a party which are being sought for admission by that same party).

6

(Doc. 197 at 18.)

Defendant argues that a ruling on the admissibility of hearsay statements of Dr. Evers would be premature and the Court should defer ruling until trial when the Court will be able to ascertain whether a proffered exception to the rule applies. (Doc. 215 at 7-8.) The Court disagrees insofar as a pretrial determination can be made that Rule 801(d)(2) provides that only a statement *against* an opposing party is not hearsay and, therefore, statements Defendant may have made *supporting* his medical treatment or practices cannot be admitted as non-hearsay under Rule 801(d)(2). Statements which are not hearsay identified in 801(d)(1) are potentially applicable only when the declarant testifies and is subject to cross-examination. In the case of statements made by Defendant to others, Defendant would be the declarant pursuant to Federal Rule of Evidence 801(b), and he would have to testify and be subject to cross-examination to invoke an exception to the hearsay rule set out in 801(d)(1). Therefore, unless an exception to the hearsay rule identified in Federal Rule of Evidence 803 applies, self-serving statements made by Dr. Evers to others will not be admitted.

The parties also disagree on the effect of Federal Rule of Evidence 106 on the admission of supportive hearsay statements. (Doc. 197 at 22; Doc. 215 at 4.) Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." The Court

7

will not make a blanket ruling on the applicability of Rule 106 (also known as "the rule of completeness") in all situations at trial because, before trial, it is impossible to determine what "in fairness ought to be considered" in addition to the portion of a writing or recorded statement offered by a party. However, the Court concludes that, pursuant to common sense and the unrefuted authority cited by the Government, statements which are not admissible pursuant to Rule 801(d)(2) or any other hearsay exception are not admissible in the "fairness" context of Rule 106. (*See* Doc. 197 at 22-23 (citing *United States v. Hassan*, 742 F.3d 104, 134 (4th Cir. 2014); *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008)).)

### III. CONCLUSION

For the reasons set forth above, the Government's Motion in Limine to Preclude Evidence of Defendant's "Good Care" to Uncharged Patients and Any Self-Serving Hearsay Statements (Doc. 196) will be deferred in part and granted in part. The Motion will be deferred as to the Government's request to preclude evidence related to Dr. Evers' good care of patients not named in the Superseding Indictment. The Motion will be granted as to the Government's request to exclude Defendant's own self-serving hearsay statements unless he takes the stand and testifies or an exception to the hearsay rule applies. A separate Order will be entered.

Robert D. Mariani
United States District Judge